



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Mr. Ellingson:

Opinion No. 0-2197
Re: Use of convicts as guards
to replace employed guards.

We have your letter of April 6, 1940, making the following inquiry:

> "I would like to know whether it
> would be legal for the Prison System to
> use convict guards; that is, convicts
> to replace paid guards we are now using
> in whole or in part."

The policy of the State with respect to its Prison System is defined by Article 6166a Vernon's Revised Civil Statutes as follows:

> "It shall be the policy of this
> State, in the operation and manage-
> ment of the Prison System, to so man-
> age and conduct the same in that man-
> ner as will be consistent with the
> operation of a modern prison system,
> and with the view of making the Sys-
> tem self-sustaining; and that those
> convicted of violating the law and
> sentenced to a term in the State Peni-
> tentiary shall have humane treatment,
> and be given opportunity, encourage-
> ment and training in the matter of
> reformation. All prisoners shall be
> worked within the prison walls and up-
> on farms owned or leased by the State;
> and in no event shall the labor of a

prisoner be sold to any contractor or lessee to work on farms, or elsewhere, nor shall any prisoner be worked on any farm or otherwise, upon shares, except such farm be owned or leased by the State of Texas."

This, of course, is in keeping with the general policy of the country with respect to convicts. That policy in a word is, by conviction the convict's time and services are no longer his own but they belong for the time being to the State as a penalty for a transgression of the law. The time and services of such convict, therefore, are no longer the subject-matter of private contract between the convict and another, but they are, in such manner as may be prescribed by the statutes, a proper subject-matter for contract between the State and another. The State itself, however, can do nothing that would put the convict, and incidentally his labor, beyond its control.

Specifically, our statutes provide for the general control of the Prison System as follows:

"The Texas Prison Board, together with the manager hereinafter provided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

Article 6166j authorizes the Texas Prison Board to manage and control the Prison System through a Manager selected by it, and expressly declares "the duty of such Manager shall extend to the employment and the discharge, with the approval of the Board, of such persons as may be necessary for the efficient conduct of the Prison System."

The Legislature in its regular biennial appropriation provides for the various employees of the Prison System, which custom is illustrated in the appropriation for the current biennium wherein the various officers and

employees needed in the operation of the system are named, including such employees as farm managers, assistant farm managers, dog sergeants, picket men, stewards, guards, and the like. It was the evident intention of the Legislature that these employees were to be free men, capable of contracting, and not convicts. Obviously, the Legislature could authorize the use of convicts in the performance of those services not incompatible with the State's duty of restraint and the convicts' duty to serve, but it has not done so in the particular as to which you inquire.

The employment of convicts as guards in the operation of the Prison System is so obviously opposed to the general principles and the statutory policies hereinabove mentioned and discussed as that the power will not be implied as an incident to the general power of the Manager to control the Prison System.

We therefore answer your inquiry in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVEDAPR 25, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION COMMITTEE
BY
CHAIRMAN